IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-0962-RBJ

In re: GREGORY CHERNUSHIN,

    Debtor.

ROBERTSON B. COHEN, as Chapter 7 Trustee,

    Plaintiff,

v.

GREGORY CHERNUSHIN,
ANDREA CHERNUSHIN,
THE JUDY T. COX REVOCABLE TRUST, and
THE ALLEN E. COX REVOCABLE TRUST,

    Defendants.

---

## ORDER AFFIRMING BANKRUPTCY COURT'S DETERMINATION

---

This matter is before the Court on Robertson B. Cohen's ("the Trustee") appeal from the judgment of the Bankruptcy Court, which determined that property owned by now-deceased Gregory Chernushin ("the Debtor") is not part of the Debtor's bankruptcy estate but instead is owned by Defendant Andrea Chernushin free of the interest of others. This Court exercises jurisdiction over the appeal pursuant to 28 U.S.C. §§ 1334(a) and 158(a)(1). The Court has reviewed the record and the parties' briefs. For the reasons set forth below, the Bankruptcy Court's judgment is AFFIRMED.

# BACKGROUND

The following facts are undisputed. On August 17, 2015 the Debtor filed a voluntary Chapter 13 bankruptcy petition. ECF No. 7-1 at 54. His wife, Mrs. Andrea Chernushin, neither joined his petition nor filed her own. At the time of his bankruptcy filing, the Debtor owned a vacation property located in Crested Butte, Colorado ("the Property"). The Debtor and Mrs. Chernushin owned the Property in joint tenancy with the right of survivorship. Pursuant to 11 U.S.C. § 541, the Debtor's interest in the Property became part of his bankruptcy estate when he filed for bankruptcy.

On October 2, 2015 the Court converted the Debtor's case to one under Chapter 7 of the Bankruptcy Code and the Trustee was appointed. On either June 8 or June 9, 2016 the Debtor died, but his death did not affect the progression of the bankruptcy case pursuant to Fed. R. Bankr. P. 1016. Days later, on June 15, 2016, the Trustee filed an adversary proceeding against the Debtor, Mrs. Chernushin, and two secured creditors in an effort to sell the Property. Mrs. Chernushin filed an answer in which she asserted that the Debtor's interest in the Property was terminated by operation of law on the day that he died, and therefore the Property was no longer part of the bankruptcy estate. Both parties filed motions for summary judgment on the issue. ECF No. 7-1 at 54. In an April 3, 2017 order, the United States Bankruptcy Court for the District of Colorado granted Mrs. Chernushin's motion for summary judgment and determined that:

> the Debtor's interest in the Property remained in joint tenancy, with its accompanying right of survivorship, until the time of his death. At the time of his death, the Debtor's interest in the Property terminated. The Defendant [Mrs. Chernushin] now owns the Property free of any interest of the Debtor. The Property is not property of the Debtor's bankruptcy estate, and the Trustee is not entitled to sell it.

*Id*. The Bankruptcy Court thus entered judgment for Mrs. Chernushin and dismissed the adversary proceeding. *Id.* On May 3, 2017 the Trustee filed an appeal of the Bankruptcy Court's decision. The issues have been fully briefed and are ripe for this Court's review.

## ANALYSIS

### A. Standard of Review.

This Court reviews the Bankruptcy Court's legal determinations de novo. *See In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010). The Court also reviews de novo mixed questions of law and fact that primarily involve legal issues. *See In re Wes Dor Inc.*, 996 F.2d 237 (10th Cir. 1993). The Bankruptcy Court's factual findings are reviewed for clear error. *See In re Johnson*, 477 B.R. 156, 168 (10th Cir. BAP 2012). If a "lower court's factual findings are premised on improper legal standards or on proper ones improperly applied, they are not entitled to the protection of the clearly erroneous standard, but are subject to de novo review." *Id.*

Because the Trustee's appeal is premised on his argument that the Bankruptcy Court improperly applied the law, I will review the Bankruptcy Court's decision de novo. *See In re Baldwin*, 593 F.3d at 1159.

### B. Trustee's Arguments.

The Trustee makes three arguments on appeal, but they boil down to one basic assertion: the Bankruptcy Court ignored federal law when it ruled that the Property was removed from the bankruptcy estate upon the death of the Debtor. ECF No. 9.[1] The

---

[1] Specifically, the Trustee's arguments are as follows: (1) "The Bankruptcy Court Erred when it Ignored the Supremacy Clause of the United States Constitution and 11 U.S.C. § 541 to Mandate that Property is

Bankruptcy Court made its determination based upon Colorado joint tenancy law, as codified in C.R.S. § 38-31-101. ECF No. 7-1. The Trustee alleges that the Bankruptcy Court "ignored the Supremacy Clause of the United States and 11 U.S.C. § 541" and other provisions of the Bankruptcy Code in making this decision, and the Trustee argues that had the Bankruptcy Court properly applied federal law it would have ruled in the Trustee's favor. *Id.* After reviewing the briefs and relevant law, I AFFIRM the Bankruptcy Court's grant of summary judgment and determination that the Property is no longer part of the bankruptcy estate. My reasoning is explained below.

The Debtor and Mrs. Chernushin owned the Property as joint tenants. "[J]oint tenancy is a form of ownership in which each joint tenant possesses the entire estate, rather than a fractional share." *Taylor v. Canterbury*, 92 P.3d 961, 964 (Colo. 2004). When a joint tenant dies, his or her interest in the property is terminated, and the surviving joint tenant's interest in the property continues free of the deceased joint tenant's interest. C.R.S. § 38-31-101(6)(c). Jointly held property remains in a joint tenancy unless that joint tenancy is severed. *Taylor*, 92 P.3d at 964. The filing of the bankruptcy petition did not sever the joint tenancy, C.R.S. § 38-31-101(5)(b) and here neither party makes any other argument that severance occurred.[2] Therefore, the parties

---

Removed from a Bankruptcy Estate Pursuant to C.R.S. § 38-31-101 Without Administration or Due Process;" (2) "The Bankruptcy Court Erred when it Ignored the Bankruptcy Code With Respect to the Trustee's Standing in the Place of the Debtor and Represents the Interests of the Bankruptcy Estate with all rights to administer all of a Debtor's Property as the Property Existed on the Partition Date;" and (3) "The Bankruptcy Court Erred when it Failed to Address the Authority of the Chapter 7 Trustee Under 11 U.S.C. § 544."

[2] As far as this Court's research has unveiled, courts that have addressed the effect of a joint tenant's death as it relates to bankruptcy have only touched on the issue of severance. Because the parties here agree that there has been no severance, I will not address the issue. *See, e.g.*,

concur that the joint tenancy remained intact until at least the day the Debtor died, and the only issue remaining is whether the Debtor's interest in the Property survives with the Trustee despite the Debtor's death.

When a person files for Chapter 7 bankruptcy, his or her property is put into a "bankruptcy estate" from which his or her creditors will be paid. 11 U.S.C. § 541(a). The bankruptcy estate "includes all legal or equitable interests of the debtor, including properties held in joint tenancy, at the commencement of this case." *Id.* A trustee is appointed to oversee the bankruptcy estate and has a duty to recover and liquidate assets for the benefit of the Debtor's creditors. *Id*. at § 704(a). In this case, one such asset that the Trustee sought to liquidate for the benefit of the Debtor's creditors is the Property. The parties agree that when the Debtor filed for bankruptcy protection on August 17, 2015, the Trustee (on behalf of the bankruptcy estate) took over the Debtor's interest as a joint tenant in the Property and held this interest until at least the date of the Debtor's death.

However, the parties disagree about the impact, if any, that the Debtor's death had on the Trustee's interest in the Property. The Trustee argues that the Debtor's death had no impact on the Trustee's interest in the Property because "all of his property [had

---

*Hahn-Martinez v. Slifco*, Adversary No. 05-01923-EEB (Bankr. D. Colo. Aug. 29, 2006), *aff'd*, Case No. 06-CV-01781-EWN, 2007 WL 1732782 (D. Colo. June 14, 2007); *In re Peet,* No. 11-62549, 2014 WL 11321405, at *5 (Bankr. W.D. Mo. Aug. 25, 2014) (applying Missouri law and finding no severance), *aff'd*, 529 B.R. 718 (B.A.P. 8th Cir. 2015), *aff'd*, 819 F.3d 1067 (8th Cir. 2016); *In re Benner*, 253 B.R. 719, 721 (Bankr. W.D. Va. 2000) (applying Virginia law and finding no severance); *Durnal v. Borg–Warner Acceptance Corp. (In re DeMarco)*, 114 B.R. 121 (Bankr. N.D. W. Va. 1990) (applying West Virginia law and finding no severance); *Feldman v. Panholzer (In re Panholzer)*, 36 B.R. 647 (Bankr. D. Md. 1984) (applying Maryland law and finding severance).

become] property of [the] bankruptcy estate," and the Trustee remained standing in the Debtor's place after he died. ECF No. 9 at 10. Put differently, because the Trustee had taken the Debtor's place, the Trustee argues that the Debtor's death and resulting extinguishment of the Debtor's joint tenancy rights in the Property did not mean that the Trustee figuratively "died" and also lost rights to the Property. Instead, the Trustee argues that the Trustee lives on, and as a result, the joint tenancy interest does as well. Mrs. Chernushin contests this assertion, arguing that the Trustee acquired the same rights that the Debtor held in the Property, and that the Trustee cannot assert greater title than the Debtor himself could have asserted. Therefore, Mrs. Chernushin argues that when the Debtor died and his interest in the Property was terminated, the Trustee's interest in the Property was likewise terminated. I agree with Mrs. Chernushin.

The Tenth Circuit has made clear that while a trustee "stands in the shoes" of a debtor, the trustee is to "take no greater rights than the debtor himself had." *Sender v. Buchanan* (In re Hedged-Investments Assocs., Inc.), 84 F.3d 1281, 1285 (10th Cir. 1996) (internal citations omitted). Therefore, even though the Trustee acquired and controlled the Debtor's interest in the Property, the Trustee's interest remained subject to the same limitations as those limiting the Debtor. *Id.* Under joint tenancy law, the Debtor's rights in the Property were to be terminated upon his death. Because the Trustee stood in the Debtor's shoes, he too was encumbered by the statutory mandate that a joint tenant's rights are terminated upon death. Thus, when the Debtor died, his death terminated both his rights to the Property *and* the Trustee's rights to the Property. "Standing in the shoes" of the Debtor does not mean that the Trustee's life can mitigate the Debtor's death in the

6

context of joint tenancy rights. As stated by the Bankruptcy Court in this case, "the Trustee has not cited any court to so hold, and this Court will not be the first." ECF No. 7-1 at 57.

As an alternative argument, the Trustee posits that Colorado's joint tenancy laws are irrelevant because Colorado law is superseded by federal law in this case due to the Supremacy Clause of the United States Constitution. *See* ECF No. 9 (citing U.S. Const., Art. VI, Cl. 2). Here, the Trustee believes that the Bankruptcy Court's decision conflicts with federal laws that indicate that a debtor's death has no impact on a bankruptcy proceeding. For example, the Trustee cites Federal Rule of Bankruptcy Procedure 1016, which states that in the event the Debtor dies, "the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death . . . had not occurred." Further, the Trustee notes that under 11 U.S.C. § 541(a) a bankruptcy estate "includes all legal or equitable interests of the debtor, including properties held in joint tenancy, *at the commencement of this case*," and therefore argues that the Debtor's death does not change the interest in the Property that the Trustee acquired from the Debtor at the commencement of the case. 11 U.S.C. § 541(a) (emphasis added). In the Trustee's view, the fact that the Debtor died is of no consequence to the Trustee's interest in the Property because there exists "no provision or rule of the Bankruptcy Code that vitiates the Bankruptcy Estate's rights to the Crested Butte Property" due to the death of the Debtor. ECF No. 9 at 4. The Trustee also points to a portion of the House Congressional Record that states: "Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property

7

exempted from property of the estate/acquired by the debtor after the commencement of the case . . . will be available to the representative of the probate estate." HR Rep. 95-595, 368, 1978 U.S.C.C.A.N. 5963, 6324.  Based on these federal laws and Congressional record, the Trustee argues that under federal law the Property remains a part of the bankruptcy estate despite the Debtor's death.  Because state joint tenancy law leads to the opposite result, the Trustee argues that Colorado law is in conflict with the federal laws.  And because the Supremacy Clause mandates that federal laws trump conflicting state laws, the Trustee posits that it is improper to rely on Colorado joint tenancy law to determine this issue.

This argument is unavailing.  While the Trustee is correct that there are federal laws describing the way trustees should treat property interests they hold in the event that a debtor dies, these federal laws do not displace the role of state law in answering the initial question of which property interests belong to the Trustee to begin with.  The Supreme Court has made clear that "[p]roperty interests are created and defined by state law" in bankruptcy proceedings.  *In re Marshall*, 550 F.3d 1251, 1255 (10th Cir. 2008) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)).  *See also In re Duncan*, 329 F.3d 1195, 1201 (10th Cir. 2003) (holding that the Bankruptcy Court and the BAP erred because their determination undermined well-established state joint tenancy law); *In re Tung Thanh Nguyen*, 783 F.3d 769, 776 (10th Cir. 2015) (affirming the Bankruptcy Court's and the BAP's interpretation of state law in determining property interests of the bankruptcy estate).  It is not a violation of the Supremacy Clause for the Bankruptcy Court to apply state law in determining the property interests of the parties involved in

the bankruptcy proceeding; indeed, that is the proper procedure. Here, the Bankruptcy Court correctly turned to Colorado law to determine the property interests of the parties. Because Colorado law expressly dictates that the property interests of a joint tenant (and thus of a trustee standing in his shoes) are terminated upon death, the Bankruptcy Court's determination that the Trustee's interest in the Property was also terminated is proper.

Finally, the Trustee argues that the Bankruptcy Court erred when it "failed to address the authority of the Chapter 7 Trustee [u]nder 11 U.S.C. § 544." ECF No. 9. Section 544, commonly referred to as the strong-arm provision, "gives the trustee power, as of the commencement of the bankruptcy case, to avoid transfers and obligations of the debtor to the same extent as certain hypothetical ideal creditors." *In re Moreno*, 293 B.R. 777, 781 (Bankr. D. Colo. 2003). This section is designed to prevent a debtor from surreptitiously transferring his property interests beyond the reach of the bankruptcy estate. *See id.* Here, however, the Debtor's interest (and therefore the Trustee's interest) in the Property could not be transferred because it was in fact *terminated* upon Debtor's death. Therefore, there was no "transfer" that the Trustee can avoid by using the strong-arm provision. Because 11 U.S.C. § 544 is inapplicable to block the transfer of a property interest that no longer exists, the Bankruptcy Court made no error in failing to address that provision, and its decision is AFFIRMED.

DATED this 26th day of January, 2018.

BY THE COURT:

_Brooke Jackson_
_____

R. Brooke Jackson  
United States District Judge